Thank you. Good morning, everyone. Please be seated. I'm advised by the clerk that all counsel are present and so we'll proceed with the first case scheduled for oral argument. That's number 21 7 11 Serena Angelica more versus a man. Shocking. I am your honor. Thank you for allowing me to do so. Certainly. Please proceed. Yes, your honor. May it please the court in this case in which a litigant opposed summary judgment. This court has standard of review for this court is to know. And the talent asks that the court review the summary judgment motion motion practice to know or the proposition that the respondents and it's in the case. And that the defendant. Entitlement to summary judgment in the first place. There is no argument that the appellant I'm just on that last point. Do all of your claims require expert testimony in order for you to prevail on each? Yes, but that's a trial. The defendants required for testimony to prevail on motion for summary judgment. But if you haven't developed it in the record at this point, at the close of discovery, I presume, and the filing of summary judgment, You won't have that evidence at trial, right? That's not an issue on the summary judgment motion, but you're correct that the pro se plaintiff has not appropriately sought expert testimony. Nevertheless, she could, with latitude of pleading, seek additional time to do so. Your client was advised that she needed to provide actual evidence. Sworn testimony, witness statements or documents and looking at the form of notice to pro se litigant who opposes the motion for summary judgment. In order to survive the defendants motion for summary judgment. What evidence? What sworn evidence did she provide to support her claims? You provided her complaint, which was sworn by her. And she provided her arguments as a pro se litigant. But arguments aren't evidence, of course. So she her complaint was verified. She gave no evidence that supporting her assertions that fat was withdrawn from places in her body that it shouldn't have been or injected in places that it wasn't. Did she? She had her own testimony, but she had no other testimony. That's certainly correct. And she had no expert testimony supporting her claim at all. No expert testimony. Absolutely correct. But before we even get to those issues, which I understand will be brought at trial if there were to be a trial. The respondents never made out the initial screening. They never passed the initial screening for their motion for summary judgment. They're experts. They require an expert for public health law defense for informed consent. They require a fact affidavit from the doctor or a defense to the public health law claims. There was no fact affidavit from the doctor and the expert relied solely upon the medical records. And as we know, the data set that the expert relied upon was based solely upon medical records created by a convicted medical records falsifier who had. But there is no basis was there for concluding that every medical record that came from his office was not accurate. That's not the conclusion that I seek you to draw. The conclusion I seek you to draw is that there's a material question of fact, whether it was a trial issue that you just cited may very well go against plaintiff. But that's a trial issue, not a summary judgment. But how is that going to come up? I mean, it's not going to be enough to just say that he has a history of falsifying various records. You're going to have to have somebody who provides some basis for thinking that these are not accurate. And that's what I didn't see. Am I missing something in the record? You're definitely not missing something in the record. The record is not very good for plaintiff. But on appeal, it was improper to grant summary judgment merely because at trial it will go against plaintiff or may go against plaintiff. It was improper to grant summary judgment in the first place. And if somebody had gone to help plaintiff. Counsel, may I ask, just before you run out of time, I just want to assure myself of subject matter jurisdiction. I noticed your jurisdictional statement in the brief on page one is diversity. You cite to A18, appendix 18. When I go to A18, it actually, the pro se complaint checks the box for federal question jurisdiction. There's an amended complaint in the record at appendix 32 on 33. That also checks the box for federal question jurisdiction. I don't see that, I think it looks like there was a second amended complaint in the district court record. Which I don't think is part of the appendix here. But looking at it, that does, which is docket 20 on the district court docket. That does check diversity jurisdiction. But the allegations of citizenship are unclear to me. It indicates your client is a citizen of Jamaica. Is that correct? That's what I understand, Your Honor. I did not focus on that issue. Do you know the citizenship of the defendant? The citizenship of the defendant apparently is somewhere in the Mideast at this time. He has fled the United States as far as I know. So they may both be non-U.S. citizens, is that right? I don't know, Your Honor. I have to say that I'm afraid I don't know the answer to that question. Okay, thank you. All right, thank you very much. We have reserved some time for rebuttal. We'll hear from Mr. Gonzalez. Thank you. Good morning, Your Honor. May it please the court. I think each of Your Honor's questioning hit the nail on the head with respect to the plaintiff's opposition to defendant's summary judgment motion. Discovery is closed. Whether the summary judgment motion is upheld or not, the plaintiff will not have an opportunity to supply the requisite proof to make out a claim at trial. At best, what the plaintiff raises is a credibility issue for a jury. If we get past the point of whether or not she, with expert testimony, which there was none, raised the material question of fact on each element of her claim. And the district judge, Judge Torres, also hit the nail on the head. Even assuming that the plaintiff's unsworn allegation, backed by no record evidence, raised the question of fact on departure, which is a breach, there's still no expert testimony on causation. So we're still back at square one. Counsel, plaintiff counsel just conceded it here, but does New York law require expert evidence for informed consent claims? Absolutely. And it's cited in my brief. And quite frankly, Your Honor, we had an expert affidavit that was based on the medical record, and the only challenge now raised by counsel is that there is this proceeding to whores the record on which Dr. Shaheen was found to have falsified certain records with respect to other patients, not a party to this claim. So we're still back at square one. Where is the showing of a question of fact for a jury to resolve on the summary judgment motion? It doesn't exist. And- Sir, it seems that Ms. Moore has alleged that Dr. Shaheen deviated from an accepted standard of medical care by inserting fat into her breasts without authorization. And we've said that there are rare cases in which expert testimony isn't necessary for a fact finder to determine that a physician violated a standard of proper care. Why isn't her verified complaint or sworn statement to the effect that that is what he did without her consent? And that action wouldn't be covered by the document I've seen. Why isn't that enough to get her past summary judgment? Well, because number one, your honor, and that's a very good question, but number one, you need an expert to establish the standard of care within the community. You also need the same expert. And you cannot rely on a pleading- Why do you need an expert to establish the standard of care where what she's saying is that he did something so blatantly not agreed to that, you know, there's no, there's no, no consent was given. Yeah, the consent is documented in the record. There's at least 74 instances in which the plaintiff, she herself testified, an attempt was made. Her only claim on informed consent is that she was, quote unquote, rushed through explanations. She doesn't challenge that she wasn't explained on what the procedures were. And in the record, we have at least 74 instances of documents where she signed and or initialed. But, I mean, she is also claiming that there was, there were procedures undertaken that would not fall within that consent. Even assuming it was informed, there were procedures that went beyond what the consent form addresses. Why is that not a claim that she can pursue? But I'm not sure that she does, your honor. The precise procedures that she underwent is precisely what she was in there for. And she came in, we have to remember, the record establishes she came in for an initial consult six months prior, roughly six months prior to the proceedings. She comes back. The proceedings, again, were explained to her. She's placed in front of a mirror. The doctor and a PA walk her through the procedures. They mark up her body. And she never once lodges a complaint about what the procedure was that was going to be performed. It is only after the fact to her dissatisfaction, which, again, goes to the risks and benefits of all procedures, all medical procedures. It is after the fact. And, in fact, if you look at the record and Judge Torres points to it, the two issues with respect to informed consent only have to do with, number one, the single day after the procedure where she allegedly complains about, I think it's pain, and then six months afterwards, another post-op visit, she also complains of pain, and that the record, according to her, are falsified. It is not about the nature of the procedure. It is about her dissatisfaction with the outcome, which were explained, again, multiple times in front of a PA by the doctor, and she initialed and signed on multiple forms in excess of 70 times. So I submit, Your Honors, that the issue that counsel raises on appeal is unpreserved, and the closest thing that the unsworn statement by the plaintiff in opposition to summary judgment gets to is a mere credibility question for a jury, which we never get to because she didn't have an expert. Required under New York law. What is the, for subject matter jurisdiction purposes, what is the citizenship of your client? That I don't know. I don't think that that was developed on the record, Your Honor. I did notice that a federal question was checked off. There's no federal question jurisdiction. Absolutely not. Absolutely not. So you don't know if he's a citizen. On the amended complaint, the second amended complaint, which isn't part of the record, it describes him as a corporation, which he's not, right? He was sued in his individual capacity. He was sued in his individual capacity. So his citizenship, we need to know whether there's subject matter jurisdiction. And I can certainly, you know, if the court would like, I can submit something by way of supplement of the record. If you would, yeah, supply a letter in the next five days. Will do, Your Honor. Thank you. Unless there are any questions. Thank you very much. Thank you. Mr. Bluestone? You're on mute. Thank you. The two questions that counsel just summed up, both cut against responded. Before you get into the substance, let me just ask, Judge Nathan, would it be useful then to have a letter from counsel as to the citizenship of your client as well, please? Thank you. Did you hear what I said, Mr. Bluestone? Oh, yes, I did. I thought you were asking another judge. I asked Judge Nathan. She's following up. I want to follow up on her concerns about subject matter jurisdiction. And I thought it would be useful if you two within the next five days would submit a letter to the court with regard to the citizenship of your client. Will do, Your Honor. Thank you very much. Thank you. Please proceed. So, counsel, you know, skillfully turns the question around, which is what is the obligation of plaintiff at trial? The question here before this court is not what the obligation is at trial. It's what the defendant's, respondent's obligation is on summary judgment. And it was their obligation to come forward with both facts saying that informed consent was properly given and expert testimony saying that the manner in which informed consent was obtained was proper within the meaning of practice by a reasonable position. Neither can be said to be here in this record. Counsel, as a matter of federal procedural law compared with state procedural law, is this a correct statement? The non-moving party bears the burden at trial. The moving party on summary judgment can point to the absence of evidence with respect to an element of the prima facie case. Is that a correct statement of federal procedural law? I don't believe it's a correct statement because while they can point to the absence of evidence, they still have affirmative requirements for evidence of an expert report. And their expert report, if it is based upon corrupted or unreliable data, no longer exists for the purpose of use on summary judgment to show that there are no material questions of fact. But, yes, while some of it can be supplied by pointing to the absence of evidence. But I didn't think that there was any dispute by your client as to the various documents that she signed. So to the extent that the expert report is based on those documents, your client is not suggesting that's not her signature, those are not her initials. I thought her claim was that she was rushed. And the doctor, the expert, proffered his opinion based on documents that had multiple indicators of consent. So I'm not sure why both requirements are not satisfied enough to then put the ball back into your client's court. Well, it's not alleged that it was a forgery. The issue is, to my way of thinking, whether or not the respondents were able to get past the hump of showing that the expert report was admissible here in this case in that the plaintiff challenged parts of the record saying that she was given full information and given full informed consent to the position. All right, thank you very much. We'll take the matter under advisement. Thank you.